Wilson's Estate

614

618

S. *Lloyd Moore*, of Moore, Gossling & Panfil, for exceptant.

*Franklin F. Dickerman*, contra.

SINKLER, J., November 15, 1946.—Testator bequeathed $25,000 in trust to pay the income to his wife, Agnes V. Wilson, for life, and upon her decease "to

pay the principal of said trust fund to such person or persons as she may by her last will and testament appoint and direct", and should she fail to exercise the power of appointment, he gives one third of the principal in trust to pay the income to each of his sons for life, with further provision for his sons and their issue not necessary to recite. Two of his sons have died without issue. In the event of all three of his sons dying without issue, the estate is to be divided equally between Hermon Presbyterian Church of Frankford and the Frankford Hospital.

Testator's wife died, leaving a brief holographic will, which reads as follows:

"I leave Nely and Willie Wedekemper brother and sister twenty-five hundred each and Gertrude Campbell three thousand."

At the audit, the question was raised whether the will of Agnes V. Wilson effected a partial exercise of the power of appointment, her estate being insufficient to pay the legacies provided by her will. The adjudication contains an analysis of the facts and relevant reported cases. The adjudication concludes that if it be assumed that the size of testator's estate is a relevant subject of consideration, the amount of the estate at the time the will was executed, rather than at the time of her death, is a relevant factor in deciding whether or not there had been a partial exercise of the power. In the present case there was no evidence submitted at the audit respecting the amount of the estate owned by the donee of the power at the time the will was executed, and the balance of principal was awarded to be retained by the accountant as trustee for the surviving son of testator.

Exceptions were filed by the legatee under will of Agnes V. Wilson and argued before the court en banc. By decree entered May 10, 1946, the exceptions were sustained pro forma and, with the consent of the audit-

ing judge, the matter was referred back to him for further consideration.

At the audit, counsel stated that witnesses were present in court who were capable of testifying respecting statements made by Mrs. Wilson at the time the will was executed concerning the value of the estate at that time, but no formal offer of proof was made, and no ruling as to admissibility of the testimony was made.

At the reaudit, the testimony of a sister of Mrs. Wilson was taken and, as well, that of two of the three legatees, Nellie Wedekemper and Gertrude Campbell.

By the readjudication filed July 11, 1946, it is held "that on the record as now supplemented and amplified, and under section 11 of the Wills Act of 1917, P. L. 403, 20 PS §223, the will of Agnes V. Wilson should be held to have exercised the power to the extent necessary to carry its dispositive terms into effect".

The 1st exception relates to the action of the auditing judge in overruling the objection to admission of testimony respecting the statements made by Agnes V. Wilson. We are of the opinion that his ruling is correct.

The 2nd exception is directed to the finding of the auditing judge:

"If this testimony is admissible to aid in interpreting a will as a complete exercise of the power, I see no reason why it should not be admissible to establish a partial exercise where testatrix, as here, not only knew that she had insufficient money to meet the legacies bequeathed but was cognizant of her right to draw on all or a portion of her husband's estate, to extent needed to supply the deficiency."

We are of the opinion that the auditing judge decided this question correctly.

The 3rd exception relates to the consideration by the auditing judge of the possible reduction of the

principal of the trust estate due to shrinkage in the value of investments, of the rate of board paid by Agnes V. Wilson to two of the legatees, that she felt an obligation to make proper compensation to these two relatives, and that she intended to do so by exercise of the power of appointment.

In our opinion the ruling was correct.

The 4th exception relates to the finding of the auditing judge that the testimony and surrounding circumstances corroborate the presumed intent that she intended to exercise the power, at least to the extent necessary to carry out the terms of her will.

This finding is also correct.

The 5th exception relates to the finding of the auditing judge that "on the record as supplemented and amplified, and under section 11 of the Wills Act of 1917, P. L. 403, 20 PS §223, the will of Agnes V. Wilson should be held to have exercised the power to the extent necessary to carry its dispositive terms into effect".

It is not necessary to review the decisions, since the auditing judge has sufficiently analyzed them in his readjudication. We add only that "any bequest of personal property described in a general manner" is construed as denoting a pecuniary bequest, as opposed to a bequest which is definite or specific in nature, such as a gift of all the Government bonds whereof testator might die possessed. This, the real question before us, has been correctly decided by the auditing judge.

The 6th and 7th exceptions are formal in character.

The 8th exception is to the effect that the auditing judge erred in failing to find that an implied execution of a power of appointment disposing of only a portion of an appointive estate is not effective. It seems to us manifest that if a power to appoint is exercised in such terms as to be valid in respect of the entire

appointive estate, it is no less so in respect of a part thereof. The greater includes the lesser.

The subject matter of the 9th exception is, in effect, a summary of that contained in preceding exceptions.

The 10th exception is that the auditing judge erred in failing to award the entire balance of principal to the accountant as trustee for the surviving son.

The exceptions are dismissed, and the adjudication is confirmed absolutely.